IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

WILLIE J. McLEOD

VS.                                               CIVIL ACTION NO. 2:06cv118-KS-MTP

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY

ORDER ACCEPTING MAGISTRATE JUDGE'S RECOMMENDATION
DENYING PLAINTIFF'S MOTION TO REVERSE THE
DECISION OF THE COMMISSIONER

This cause is before the Court on Motion to Reverse the Decision of the Commissioner [6] filed by plaintiff Willie J. McLeod, Report and Recommendation of United States Magistrate Judge Michael T. Parker [10], and plaintiff's written objections to Proposed Findings and Conclusions and Recommendations of United States Magistrate Judge [11] and the Court considering same and also considering in detail the report and recommendation filed by United States Magistrate Judge Michael T. Parker on June 13, 2007, does hereby find as follows:

1. PROCEDURAL HISTORY

Willie J. McLeod ("plaintiff") applied for Social Security disability insurance and supplemental security income benefits on July 23, 2001.  On September 22, 2003, the Administrative Law Judge rendered his decision that plaintiff was not disabled within the meaning of the Social Security Act.  On October 14, 2003, plaintiff filed new applications for disability insurance benefits and SSI benefits, alleging disabilities since the time of the denial of her initial applications.  These applications were denied initially and upon reconsideration plaintiff requested another hearing.  On May 4, 2005, the plaintiff, who was represented by

1

counsel, appeared and testified before Administrative Law Judge Edgar Perkerson and a vocational expert, Kelly Hutchins, appeared and testified at the hearing. Due to the pending remand order on plaintiff's initial applications, a supplemental hearing for the purpose of consolidating the two claims was held on October 2, 2005, before Administrative Judge Weekly. Vocational expert Ronald Smith testified at this hearing, as did the plaintiff. On September 15, 2005, Judge Weekly rendered his decision denying plaintiff's application, finding that the plaintiff was not disabled within the meaning of the Social Security Act. The plaintiff then filed exceptions to and requested review of the Administrative Law Judge's decision. On March 4, 2006, the appeals council found no reason to review the Administrative Law Judge's decision, thereby rendering that decision the final decision of the Commissioner. Accordingly, the Commissioners' decision is now subject to review by this Court.

## 2. STANDARD OF REVIEW

When a party objects to Report and Recommendation this Court is required to "make a *de novo* determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). See also, *Longmire v. Gust*, 921 F. 2d 620, 623 (5th Cir. 1991) (party is "entitled to a *de novo* review by an Article III Judge as to those issues to which an objection is made.") Such a review means that this Court will examine the entire record, and will make an independent assessment of the law. The Court is not required, however, to reiterate the findings and conclusions of the Magistrate Judge. *Koetting v. Thompson*, 995 F. 2d 37, 40 (5th Cir. 1993) nor need it consider objections that are frivolous, conclusive or general in nature. *Battle v. United States Parole Commission*, 834 F. 2d 419, 421 (5th Cir. 1987). No factual objection is raised when a petitioner merely reurges arguments contained in the original

petition. *Edmond v. Collins*, 8 F.3d. 290, 293 (5th Cir. 1993).

A Court's review of the Commissioner's decision is limited to an inquiry into whether there is substantial evidence to support the Commissioner's findings and whether the correct legal standards were applied in evaluating the evidence. *Hollis v. Bowen*, 837 F. 2d 1378, 1382 (5th Cir. 1988). Substantial evidence is "more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Hames v. Heckler*, 707 F. 2d 162, 164 (5th Cir. 1983). To be substantial, the evidence must "do more than create a suspicion of the existence of the fact to be established, but 'no substantial evidence' will be found only where there is 'conspicuous absence of credible evidence' or 'no contrary medical evidence.'" Id. At 164 (citation omitted). Conflicts in the evidence are for the Commissioner, not the Courts, to resolve. *Selders v. Sullivan*, 914 F. 2d 614, 617 (5th Cir. 1990). A Court may not reweigh the evidence, try the issues *de novo* or substitute its judgment for the Commissioner's "even if the evidence preponderates against" the Commissioner's decision. *Harrell v. Bowen*, 862 F. 2d 471, 475 (5th Cir. 1988). If that decision is supported by substantial evidence, it is conclusive and must be affirmed. *Selders*, 914 F. 2d at 617.

### 3. PETITIONER'S OBJECTIONS AND ANALYSIS

Objection 1: Plaintiff objects to the proposed finding that "her physician's" opinion that she was at times malingering. (Tr. 157). (Report and Recommendation page 4).

Plaintiff's objection is that Dr. Clarence Thurmon who rendered the opinion was not a treating physician of plaintiff, but rather a psychologist that she was referred to by the defendant for a consultive examination. Further, that the findings of Dr. Thurmon predated the plaintiff's diagnosis of myasthenia gravis and should have been considered too remote by the

Administrative Law Judge to rely upon and, further, that Dr. Thurmon also stated that the Plaintiff was malingering on some parts of the test but he was not sure as to what extent. Plaintiff was prescribed Paxil for her panic attacks, but declined to comply with the doctor's orders. Upon reevaluation there was a reduction in diagnosis due in part to the opinion of the doctor that she was at times malingering and was subsequently discharged from treatment by Pine Belt Mental Health in June of 2002 for non-compliance.  There was significant proof regarding the numerous medical conditions about which the plaintiff complained.  Throughout the proceeding there were several inconsistencies in things reported by the plaintiff.  As stated in Section 2 above, t his Court can not substitute its opinion for that of the Commissioner.  There is substantial evidence to justify the Commissioner's decision and it must be affirmed.

      Objection 2: Plaintiff objects to the proposed finding that her doctor's assurance that her condition would slowly improve as a guarantee. The plaintiff, here again, had inconsistencies in the record and the finding of the Commissioner is based on substantial evidence and it must be affirmed.

      Objection 3: Plaintiff objects to her response denying chest pains as being conclusive and being taken out of context. Here again, there is substantial evidence to support the Commissioner's findings found in the proof and it must be affirmed.

      Objection 4: Plaintiff objects to the finding in her testimony that she had muscle weakness in her lungs and that she could not walk without breathing difficulty and she had problems falling down as an exaggeration to her testimony. While plaintiff had a number of medical conditions there is substantial evidence to support the Commissioner's findings on this particular issue and it must be affirmed.

Objection 5: Plaintiff further objects to the finding that her medical conditions of myasthenia gravis did not meet the required symptoms in their required severity. More specifically, that the Administrative Law Judge misconstrued the testimony of plaintiff's physician Dr. Naeem Malik. Here again, there is sufficient evidence in the record rising to the level of substantial evidence that supported the Commissioner's findings.

Objection 6: Plaintiff objects to a finding or recommendation that her failure to report difficulty speaking or swallowing or denial of chest pain or shortness of breath as being conclusive that her case of myasthenia gravis did not meet the required severity because she did not meet the severity test of significant motor weakness of muscles or extremities, etc. The Administrative Law Judge had the benefit of testimony that was, in fact, conflicting. The Administrative Law Judge had before him substantial evidence to support the Commissioner's findings and, therefore, this objection is without merit.

Objection 7: Plaintiff further objects to the proposed finding that there was no clinical evidence of pain or weakness and the only indication of her pain and muscle weakness comes from her own testimony. The Administrative Law Judge was faced with voluminous proof regarding the plaintiff's medical condition. There was substantial evidence to support the Commissioner's finding and, therefore, this objection is without merit. This Court is aware that there is no objective test for pain. However, throughout the proof there are inconsistencies regarding the level of pain experienced by plaintiff.

In applying the standard of review to each of these objections, the Court, as stated above, is required to determine whether there is substantial evidence to support the Commissioner's findings and whether the correct legal standards were applied in evaluating the evidence.

Substantial evidence is in the record to support the Commissioner's findings and the Commissioner has used the proper legal standards.

## CONCLUSION

As required by 28 U.S.C. § 636(b)(1) this Court has conducted an independent review of the entire record and a *de novo* review of the matters raised by the objections. For the reasons set forth above, this Court concludes that the objections of plaintiff lack merit and should be overruled. The Court further concludes that the proposed Report and Recommendation is an accurate statement of the facts and the correct analysis of the law in all regards. Therefore, the Court accepts, approves and adopts the Magistrate Judge's factual findings and legal conclusions contained in the Report and Recommendation.

Accordingly, it is ordered that the United States Magistrate Judge Michael T. Parker's Report and Recommendation is accepted pursuant to 28 U.S.C. § 636(b)(1) and that the motion of Willie J. McLeod to reverse the findings of the Commissioner is hereby denied.

SO ORDERED this, the 2nd day of July, 2007.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE